**UNITED STATES of America,**

v.

**Theresa M. THORNHILL Theresa Thornhill, Appellant.**

No. 03–2725.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 11, 2003.

Decided Oct. 20, 2003.

Bonnie R. Schlueter, Office of United States Attorney, Pittsburgh, PA, for Appellee.

John A. Knorr, Pittsburgh, PA, for Appellant.

Before ALITO, BARRY, and AMBRO, Circuit Judges.

## OPINION

BARRY, Circuit Judge.

A grand jury in the Western District of Pennsylvania returned a six count indict-

ment against appellant Theresa M. Thornhill and her co-defendant, Clara Frison. Count One charged Thornhill and Frison with conspiracy to commit mail fraud by using a false identity to obtain a loan, in violation of 18 U.S.C. § 371; Count Two charged Thornhill with using a false identity to apply for a loan, in violation of 18 U.S.C. § 1344(1); Count Three charged both women with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1344(1) and (2); and Counts Four through Six charged Thornhill with knowingly using unauthorized access devices, namely various credit cards, to obtain money and goods, in violation of 18 U.S.C. § 1029(a)(2).

Thornhill subsequently pled guilty to Count Two and Frison pled guilty to Counts One and Three. Thornhill now appeals. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and will affirm.

The facts are well known to the parties and will not be repeated here. In broad summary, Thornhill was involved in identity theft and subsequent attempts to use that identity to apply for loans and credit cards. Careful attention was paid by the District Court to Thornhill's sentence. Two sentencing hearings were held with Thornhill testifying in her own defense and co-defendant Frison and Postal Inspector Bruce Hammerle testifying for the government. The District Court issued "Tentative Findings and Rulings," "Supplemental Tentative Findings and Rulings," and "Amended Supplemental Tentative Findings and Rulings." As relevant here, the Court (1) found that Thornhill intentionally gave false testimony under oath regarding a material matter, *i.e.* the acquisition and use of Tressa Porterfield's identification information, warranting a two-level enhancement in the offense level for obstruction of justice; and (2) found that Thorn-

hill was involved in related and relevant conduct which she falsely denied or frivolously contested, denying her a decrease in the offense level for acceptance of responsibility. Her resultant offense level was 16 and, with a Criminal History Category of I, her guideline imprisonment range was 21–27 months. She was sentenced to 21 months imprisonment and five years of supervised release, and was ordered to make restitution.

On appeal, Thornhill objects to the calculation of her sentence, arguing that she should have received a two level decrease in her offense level for acceptance of responsibility and should not have received the enhancement for obstruction of justice. She also claims that there was an *ex post facto* violation because the guidelines which went into effect on November 1, 2000 should have been but were not used. Each of these contentions is without merit.

U.S.S.G. § 3E1.1, "Acceptance of Responsibility," states that: "(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." "[T]he District Court's decision whether to grant the adjustment is entitled to 'great deference' on review because '[t]he sentencing judge is in unique position to evaluate the defendant's acceptance of responsibility." *United States v. Bennett,* 161 F.3d 171, 196 (3d Cir.1998) (quoting U.S.S.G. § 3E1.1 cmt. (n.5)).

Thornhill argues that because the language of 3E1.1 is "mandatory, not permissive," and because she pled guilty in a "timely entered plea that allowed the Court and the government to avoid trial preparation," she was wrongly denied a two-level decrease for acceptance of responsibility. The government points out, however, that Thornhill perjured herself during the course of her sentencing, and is thus not entitled to the decrease. The

District Court agreed, citing Application Note 1 to § 3E1.1 and finding that Thornhill "falsely denied or frivolously contested ... relevant conduct which reflects a mindset and manner truly inconsistent with acceptance of responsibility." No clear error was committed. *See United States v. Muhammad,* 146 F.3d 161, 167 (3d Cir.1998).

█ For much the same reasons, the District Court properly enhanced Thornhill's offense level for obstruction of justice, finding that she "gave false testimony under oath regarding a material matter ... and such testimony was intentional, not as a result of confusion, mistake, or faulty memory, which constitutes perjury."[1] U.S.S.G. § 3C1.1, "Obstructing or Impeding the Administration of Justice," provides that: "If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels." According to Application Note 4(f), "providing materially false information to a judge or magistrate" is covered conduct.

Thornhill argues that her "alleged perjury was not material[ ] and did not substantially affect the outcome of the case." She adds that she did not intend to deceive the Court and that her "statements were made out of confusion and because she was unlearned in the law."

These arguments are wholly unavailing. It is clear beyond peradventure, and the District Court found based on both testimonial and documentary evidence, that Thornhill was very much involved in the active, fraudulent use of Porterfield's identity, and lied when she said she was not. Moreover, her false testimony directly related to a material sentencing matter, *i.e.,* the District Court's fact findings with respect to the appropriate offense level and the resultant guideline range.

Thornhill argues, finally, that the District Court erred when it utilized, at sentencing, the 2002 Sentencing Guidelines Manual rather than the 2000 Guidelines Manual. The so-called "one-book rule" "requires that only one guideline manual should be applied to any given sentencing." *United States v. Griswold,* 57 F.3d 291, 299 (3d Cir.1995). Under the one-book rule, there is no difference in Thornhill's guideline range whether one applies the guidelines in effect at the time Thornhill committed the offense of conviction or those in effect at the time of sentencing.[2] There was no *ex post facto* violation.

The judgment of sentence will be affirmed.

---

1. And, of course, as is pointed out in Application Note 4 to § 3E1.1, conduct warranting an enhancement for obstruction of justice under § 3C1.1 "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct."

2. As the government notes, Thornhill "received 2 additional offense levels for the amount of loss under the 2002 Guidelines that she would not have received under the 2000 Guidelines," but "this was offset by the fact that she did not receive, under the 2002 Guidelines, a 2–level enhancement for a scheme to defraud more than one victim, because the 2002 Guidelines require a finding that the offense involved more than 10 victims" (citing § 2B1.1(b)(2)(A) (2002)).